

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00283-CR
No. 02-24-00284-CR

_____

JESIKA LYNN JONES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1739850, 1748218

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

In two trial-court cause numbers, Jesika Lynn Jones pleaded guilty, without a plea bargain, to (1) one count of first-degree-felony injury to a child and one count of state-jail-felony endangering a child and (2) two counts of state-jail-felony endangering a child. *See* Tex. Penal Code Ann. §§ 22.04(a)(2), (e), 22.041(c), (f). She requested that a presentence investigation report (PSI) be prepared. Following a punishment hearing, at which the trial court heard evidence and considered the PSI, the trial court assessed Jones's punishment at sixty years' confinement for the injury-to-a-child offense and twenty-four months' confinement for each of the endangering offenses. The trial court sentenced Jones accordingly and ordered the sentences to run concurrently. Jones timely filed notices of appeal from both judgments.

Jones's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which he concludes, after thoroughly reviewing the appellate records, that these appeals "present[] no legally non-frivolous questions." Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *See id.*, 87 S. Ct. at 1400. Counsel also complied with the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appointed counsel must provide his client with copies of motion to withdraw and *Anders* brief, inform her of the right to file a pro se response and to review the appellate record,

2

take concrete measures to facilitate her access to the appellate record, and inform his client of the right to seek discretionary review pro se if the court of appeals determines the appeal is frivolous).

Although given the opportunity to do so, Jones has not filed a response to the *Anders* brief on her own behalf. Likewise, the State declined to file a responsive brief and, in a letter, informed this court that it "agrees . . . that [Jones] has no meritorious grounds upon which to advance an appeal."

We have independently examined the appellate records, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the records and counsel's brief, we agree with counsel that these appeals are wholly frivolous and without merit.

We grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 8, 2025

3